259 So.2d 752 (1972)
Kenneth Leondry ANGLIN, Appellant,
v.
STATE of Florida, Appellee.
No. P-235.
District Court of Appeal of Florida, First District.
February 29, 1972.
Rehearing Denied April 14, 1972.
Richard W. Ervin, III, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joe W. DeMember, Asst. Atty. Gen., for appellee.
RAWLS, Judge.
Appellant Anglin was one of the participants in a robbery-murder, the facts of which have been detailed by this Court in Edward Cooper v. State of Florida, Case No. O-436, opinion filed February 8, 1972. Appellant now appeals a judgment of conviction.
The only point posed by appellant requiring any comment is that the lower court committed reversible error in denying his motion to suppress a confession taken from him on the ground that the confession was involuntarily obtained.
Appellant, age 15 years, was arrested at his home shortly after midnight on July 23, 1970. The testimony of the arresting officer reveals that appellant's mother was with him at the time of his arrest and told him to tell "the truth" or "she would clobber him." Prior to being interrogated, appellant's rights were explained to him and his mother and each signed a card acknowledging that they understood appellant's rights. Appellant's mother again told him to tell the truth about what had happened and at this time he gave a statement indicating his presence during the robbery-murder.
Appellant now contends that his mother's use of the word "clobber" exercised an undue threat or coercion in order that a confession could be obtained. It may well be that an admonition by a parent to her teen-age son to tell the truth is held in some psychological circles to constitute a deprivation of the child's constitutional rights. We have not reached such a conclusion in this jurisdiction. The moral upbringing of a child to be a useful citizen necessarily encompasses advice by a parent for the child to be truthful. The motherly concern of this parent for her offspring and at the same time her concern for the basic precepts of morality are to be commended. We find no element of a threat or coercion on the part of this mother and hold that the controverted confession was freely and voluntarily given by the appellant.
The judgment appealed is affirmed.
CARROLL, DONALD K., Acting C.J., and JOHNSON, J., concur.