351 So.2d 60 (1977)
Donald ARTHUR, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1212.
District Court of Appeal of Florida, Fourth District.
October 11, 1977.
Rehearing Denied November 15, 1977.
*61 Richard L. Jorandby, Public Defender, and Preston Mighdoll, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, for appellee.
DAUKSCH, Judge.
In this case the Appellant pleaded nolo contendere to the charge of robbery while carrying a firearm as proscribed in Section 812.13(2), Florida Statutes (1975). This is a life felony and under the provisions of Section 775.087, Florida Statutes (1975), one convicted of this crime is required to serve at least three years in prison.
The question on appeal is whether the Appellant is subject to the minimum three year imprisonment since he did not possess the firearm but it was possessed by his co-perpetrator.
Interestingly, the Defendant's attorney has filed an Anders[1] brief saying there "is no point of reversible error presented." We cannot find the appeal to be "wholly frivolous" as that standard is required in Anders, supra, and suggest counsel for the Appellant reconsider the guidelines set out in Anders, supra.
In taking the plea of nolo contendere two slightly different factual bases for the plea were given by counsel:
Counsel for the State: "... this Defendant, along with his brother, went to the 7-11 on South Federal Highway and at that point, the brother, Mitchell Arthur, got a rifle and robbed two of the people who were inside the 7-11 and both Defendants were apprehended as they were making their get-away with the fruits of the crime in their possession.
"This Defendant did not have in his possession at that time, the handgun, but was a participant of the taking of the fruits of that robbery which are described in the information."
.....
Counsel for the Defendant: "... this Defendant walked in a store and about three minutes later, his brother came in with a rifle and began robbing the store.
"This Defendant then participated in this robbery.
"I think we can stipulate and agree before this Court that this Defendant, at that time, Donald Claude Arthur, did not have any weapon in his possession."
Counsel for the State: "As far as the factual presentation about what was said about the facts, is that what you did?
"THE DEFENDANT: Right."
Under the State's version it appears the Appellant might only be guilty of receiving stolen property, Section 812.031, Florida Statutes (1975), since there was no showing this Appellant knew of any robbery or otherwise participated except in "making the get-away with the fruits." This is also a possible accessory-after-the-fact situation. Section 777.03, Florida Statutes (1975).
However, because the Appellant admitted participation in the robbery by his answer, "Right," to the State's attorney's question and because his plea of nolo contendere presents no defense to the crime charged, robbery with a firearm, we easily affirm the Judgment of guilt.
When Appellant entered his plea he specifically reserved the right to appeal the minimum three year imprisonment saying he did not possess the firearm personally therefore he is not liable under Section 775.087, Florida Statutes (1975). In Earnest v. State, 349 So.2d 1190 (Fla.S.Ct. 1977), and Johnson v. State, 349 So.2d 1190 (Fla.S.Ct. 1977), the Supreme Court of Florida has answered the question. In order for the *62 defendant to be required to serve the minimum of three years it is necessary that it be pleaded and proved that the defendant personally, and not vicariously, possessed the firearm.
Therefore that portion of the sentence which requires the Appellant to serve a minimum of three years is REVERSED.
ANSTEAD, J., concurs.
CROSS, J., concurs only in conclusion.
NOTES
[1] Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).