353 So.2d 194 (1977)
Donald LANE, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-2134.
District Court of Appeal of Florida, Third District.
December 20, 1977.
Bennett H. Brummer, Public Defender, and Thomas G. Murray, Asst. Public Defender, for appellant.
*195 Robert L. Shevin, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., and Edwin D. Davis, II, Legal Intern, for appellee.
Before HENDRY, C.J., and HAVERFIELD, J., and DREW, E. HARRIS (Ret.), Associate Judge.
PER CURIAM.
Donald Lane appeals his conviction for robbery, loitering and prowling.
Defendant first urges as reversible error the court's denial of his motion to suppress his confession on the ground it was involuntary as he was under the influence of drugs at the time.
The determination of the issue of the voluntariness of a confession is for the trial court whose province it is to adjudge the credibility of the witnesses and the weight of the evidence. Von Horn v. State, 334 So.2d 43 (Fla. 3d DCA 1976). This determination must be supported by substantial competent evidence. Melero v. State, 306 So.2d 603 (Fla. 3d DCA 1975). After reviewing the record, we find that there was competent substantial evidence to sustain the trial court's conclusion that defendant's confession was freely and voluntarily given and he knowingly waived his constitutional rights. In fact, defendant's written confession reflects that he was in complete control of his mental faculties at the time he wrote it.
Defendant next contends that the prosecutor in opening argument and a prosecution witness made statements which allegedly alluded to the fact that he had remained silent when he was first detained by the police and questioned about the robbery.
Although at first glance it appears that these statements made reference to defendant's exercising his right to remain silent, when viewed and read in their proper context, it becomes readily apparent that these remarks were referring to defendant's exculpatory statements denying any participation in the robbery.
Defendant's last point is based upon allegedly improper prosecutorial comments made during opening argument.
We note that defense counsel failed to object to these comments and, therefore, this point should not be considered on appeal. See Thomas v. State, 326 So.2d 413 (Fla. 1975). We further find the statements were proper as a prosecutor may outline the facts which he, in good faith, expects to prove and which are competent for him to prove. See Paul v. State, 209 So.2d 464 (Fla. 3d DCA 1968).
Affirmed.