355 So.2d 460 (1978)
STATE of Florida ex rel. Kimberly Anne Powers, Relator,
v.
The Honorable Alan SCHWARTZ, Judge of the Eleventh Judicial Circuit in and for Dade County, Florida, and Jack Sandstrom, Director of the Dade County Department of Corrections and Rehabilitations, Respondents.
No. 77-2666.
District Court of Appeal of Florida, Third District.
February 14, 1978.
Philip Carlton, Jr., Miami, for relator.
Janet Reno, State's Atty., Leonard Helfand, Staff Atty., Div. of Health and Rehabilitative Services, Coral Gables, for respondents.
Before PEARSON, HUBBART and KEHOE, JJ.
HUBBART, Judge.
This is an original petition for a writ of mandamus which involves a question of whether a juvenile has been properly incarcerated pending trial as an adult for an offense punishable by life imprisonment. We have jurisdiction to entertain the petition. Article V, Section 4(b)(3), Florida Constitution. We therefore issued a rule to show cause why an alternative writ of mandamus should not issue against the named respondents. Fla.App. Rule 4.5(b)(3). A return has subsequently been filed by the respondents along with briefs prepared by all parties. Full argument on the petition and return has been heard by the court. Upon further reflection and study, it is our view that a writ of mandamus does not properly lie in this cause and, accordingly, we dismiss the petition herein.
The issue presented for review is whether a circuit court judge has a non-discretionary duty to incarcerate a juvenile in a juvenile detention facility on a pre-trial basis where the juvenile has been indicted by a grand jury and is not otherwise eligible for pre-trial bail or release. We hold that the trial judge has no such non-discretionary duty, but, indeed, has a duty under Section 39.02(5)(c), Florida Statutes (1975), to incarcerate such an indicted juvenile not otherwise eligible for bail or pre-trial release in an adult detention facility.
It appears without dispute that on September 30, 1977, the petitioner Kimberly *461 Anne Powers who is a 16 year old girl was arrested by the police and charged with several robberies in Dade County, Florida. She was initially incarcerated in a juvenile detention facility at the Juvenile Justice Detention Center, commonly known as the Dade County Youth Hall. Subsequent thereto, the Dade County Grand Jury indicted the petitioner on the several robberies for which she was originally arrested. The case was assigned to the respondent Alan Schwartz as a judge of the Dade County Circuit Court, Criminal Division.
On November 29, 1977, the Florida Department of Health and Rehabilitative Services as administrator of the Dade County Youth Hall made a motion before Judge Schwartz to transfer the petitioner to an adult detention facility pending trial, to wit: the Dade County Women's Detention Center. Judge Schwartz heard and entered an order granting the motion on the ground that Section 39.05(5)(c), Florida Statutes (1975), leaves the court no discretion but to treat the indicted juvenile as an adult in all respects pending trial. Accordingly, the petitioner was transferred to the Dade County Women's Detention Center which the respondent Jack Sandstrom administers as Director of the Dade County Department of Corrections and Rehabilitation. The petitioner has subsequently challenged this order by filing the instant petition for writ of mandamus against the respondents Schwartz and Sandstrom herein.
The petitioner contends that Judge Schwartz had a non-discretionary duty to keep the petitioner in the Dade County Youth Hall in view of the alleged cruel and unusual imprisonment conditions at the Dade County Women's Detention Center to which the petitioner is presently subjected. The respondents have denied that any such confinement conditions exist and, accordingly, we cannot consider or resolve such disputed issues of fact on the instant petition for writ of mandamus. Fla.App. Rule 4.5(a)(2). We do not preclude the petitioner, however, from bringing such alleged conditions to the attention of Judge Schwartz by a proper motion as hereinafter discussed.
Section 39.02(5)(c) provides as follows:
"A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set out in s. 39.06(7) unless and until an indictment on such charge is returned by the grand jury, in which event and at which time the court shall be divested of jurisdiction under this statute and the charge shall be made and the child shall be handled in every respect as if he were an adult."
The above statute needs no elaborate interpretation; it means exactly what it says. A circuit court is without authority to treat an indicted juvenile under the protective provisions of Chapter 39, Florida Statutes (1975). Such a juvenile must be treated pre-trial as an adult in every respect including the setting of terms for bail or release or confinement.
One note of caution must be added. As is true of an adult, if the indicted juvenile's health and safety is so endangered at a pre-trial adult detention facility that his or her constitutional right to be free from cruel and unusual punishment is being violated, the trial judge has a duty to enter whatever orders are necessary to assure proper confinement conditions which meet minimum constitutional standards. See: Miller v. Carson, 392 F. Supp. 515 (M.D.Fla. 1975) and authorities cited therein. In that respect, we cannot foreclose transfer of the juvenile to another available confinement facility as a possible option in discharging that duty.
Writ denied.