374 So.2d 465 (1979)
George Thomas VASIL, Appellant,
v.
STATE of Florida, Appellee.
No. 46654.
Supreme Court of Florida.
June 14, 1979.
Rehearing Denied September 21, 1979.
*467 Elton H. Schwarz, Public Defender, and Bruce M. Wilkinson, Asst. Public Defender, Stuart, and Tobias Simon and Elizabeth J. duFresne, Miami, for appellant.
Jim Smith, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
George Vasil has appealed his first degree murder conviction and sentence of death. We have jurisdiction under article V, section 3(b)(1) of the Florida Constitution.
On September 19, 1974, twelve-year-old Pamela Vasser was murdered in a park in Fort Pierce. The appellant, fifteen years of age at the time, was seen in the area shortly before the killing. Upon questioning by the state attorney's investigator, the appellant eventually confessed.
In substance, the appellant said he surprised the victim from behind, grasping her around the waist and throat and threatening to kill her if she screamed. He took her to a wooded area and forced her to remove her clothing. When he touched her genitals against her will, she screamed, and he struck her in the head with a rock. Then he attempted rape upon her, but did not effect penetration because he failed to achieve an erection. The appellant then stuffed the girl's underpants into her mouth, struck her again with a rock, and stabbed her in the vagina with a palmetto branch.
The victim suffered head wounds and lacerations of her vagina, rectum, and urinary bladder. The cause of death was suffocation.
The indictment alleged that appellant killed the victim "unlawfully and from a premeditated design to effect" her death, but the prosecution proceeded on alternative theories of premeditation and felony murder. This is in keeping with the rule that premeditation is "presumed by law from the accused's perpetration of a violent felony. In such a case, the offense remains premeditated murder; only an element of it is deemed proven by evidence of the accused's felonious conduct." Ables v. State, 338 So.2d 1095, 1097 (Fla. 1st DCA 1976), cert. denied, 346 So.2d 1247 (Fla. 1977).
Vasil presents a number of points on appeal, including a challenge to the constitutionality *468 of the capital felony sentencing law. Since his contentions on the constitutional question have previously been ruled on by this Court, we will not now reconsider them. See, e.g., Alvord v. State, 322 So.2d 533 (Fla. 1975) cert. denied, 428 U.S. 923, 96 S.Ct. 3234, 49 L.Ed.2d 1226 (1976); Proffitt v. State, 315 So.2d 461 (Fla. 1975), affirmed, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied sub nom. Hunter v. Florida, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974).
We now proceed to consider Vasil's other contentions.

I.
The appellant contends that the trial court erred in admitting testimony of his confession. The interrogation which culminated in the confession took place in the presence of the appellant's father. The trial court inquired into the circumstances of the interrogation and ruled that the waiver of Miranda rights was knowingly and intelligently made and the confession itself was voluntary. Our review reveals that there was sufficient evidence to support the court's decision. See, e.g., T.B. v. State, 306 So.2d 183 (Fla. 2d DCA 1975); Hernandez v. State, 273 So.2d 130 (Fla. 1st DCA), cert. denied, 277 So.2d 287 (Fla. 1973); Arnold v. State, 265 So.2d 64 (Fla. 3d DCA 1972), cert. denied, 272 So.2d 817 (Fla. 1973); Hallihan v. State, 226 So.2d 412 (Fla. 1st DCA 1969).

II.
The appellant contends that his conviction must be reversed because a number of persons were excused from service on the grand and petit juries, at their request, pursuant to section 40.01(1), Florida Statutes (1973). This, appellant argues, violated his right, under the sixth and fourteenth amendments to the United States Constitution, to a jury drawn from a representational cross-section of the community. Section 40.01(1), Florida Statutes (1973) provides:
(1) Grand and petit jurors shall be taken from the male and female persons over the age of twenty-one years, who are citizens of this state and who have resided in this state for one year and in their respective counties for six months and who are fully qualified electors of their respective counties; provided, however, that expectant mothers and mothers with children under eighteen years of age, upon their request, shall be exempted from grand and petit jury duty.
The statute allows expectant mothers and mothers of minor children the option of being excluded from jury service. Thus it differs from the statute that was at issue in the case cited by the appellant, which excluded all women from jury service unless they expressly requested to serve. Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). We have held that the class made subject to being excluded under our exemption statute is not so distinctive as to evoke constitutional concern under Taylor. McArthur v. State, 351 So.2d 972, 975 (Fla. 1977).

III.
The appellant contends that the jury instructions defining second degree felony murder were erroneous. He was tried under section 782.04, Florida Statutes (1973), the murder statute in effect at the time of the offense,[1] which provided:
(1)(a) The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any arson, rape, robbery, burglary, kidnapping, aircraft piracy, or the unlawful throwing, placing, or discharging of a destructive device or bomb, or which resulted from the unlawful distribution of heroin by a person over the age *469 of seventeen years when such drug is proven to be the proximate cause of the death of the user, shall be murder in the first degree and shall constitute a capital felony, punishable as provided in § 775.082.
(b) In all cases under this section, the procedure set forth in § 921.141 shall be followed in order to determine sentence of death or life imprisonment.
(2) When perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, or when committed in the perpetration of, or in the attempt to perpetrate, any arson, rape, robbery, burglary, kidnapping, aircraft piracy, or the unlawful throwing, placing, or discharging of a destructive device or bomb, except as provided in subsection (1), it shall be murder in the second degree and shall constitute a felony of the first degree, punishable by imprisonment in the state prison for life or for such term of years as may be determined by the court.
(3) When perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony other than arson, rape, robbery, burglary, kidnapping, aircraft piracy, or the unlawful throwing, placing, or discharging of a destructive device or bomb, it shall be murder in the third degree and shall constitute a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
In instructing the jury, the trial judge differentiated among the three degrees of murder in the following manner:
Murder in the first degree is the unlawful killing of a human being when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed by a person engaged in the perpetration of or in the attempt to perpetrate any . . rape ... [other enumerated offenses omitted].
.....
The killing of a human being when committed by a person engaged in the perpetration of or in the attempt to perpetrate any ... rape ... [enumerated offenses omitted] is murder in the first degree, even though there is no premeditated design or intent to kill.
If a person kills another in trying to do or commit any rape, or while escaping from the immediate scene of such crime, the killing is in perpetration of or in the attempt to perpetrate such crime.
It is the crime of rape to ravish or carnally know a female person of the age of eleven years or more by force and against her will.
Murder in the second degree is the killing of a human being by the perpetration of an act imminently dangerous to another and evincing a depraved mind regardless of human life, although without a premeditated design to effect the death of any particular individual and not done in the perpetration of or in the attempt to perpetrate any .. . rape ... [enumerated offenses omitted].
.....
Murder in the third degree is the unlawful killing of a human being when perpetrated without any design to effect death by a person engaged in the perpetration of or in the attempt to perpetrate any felony other than arson, rape, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing or discharging of a destructive device or bomb.
A felony is a crime punishable by death or by imprisonment in the State Prison System.
Specifically, the appellant contends that the trial court erred when, in defining second degree murder for the jury, he said "not done in the perpetration of ... rape," while the statute provides "or when committed in the perpetration of ... rape."
The difference between first degree felony murder and second degree felony murder, under the law at the time of the offense,[2] *470 was explained in State v. Dixon, 283 So.2d 1, 11 (Fla. 1973), as follows:
[T]he Legislature ... [intended] to resurrect the distinction between principals in the first or second degree on the one hand and accessories before the fact on the other, in determining whether a party to a violent felony resulting in murder is chargeable with murder in the first degree or murder in the second degree.
When only one person commits a crime there can be no accessory before the fact. The single perpetrator will necessarily be a principal in the first degree. In Adams v. State, 341 So.2d 765, 768 (Fla. 1976), we held that "under the 1972 homicide statute an individual who personally kills another during the perpetration or attempt to perpetrate one of the enumerated felonies is guilty of first degree murder. In such circumstances, the statutory scheme does not allow for a conviction of second degree murder."
The trial judge in Adams, where the underlying felony was robbery, used an instruction analogous to the one the appellant challenges here. We held that even though the instructions did not track the statute, they nevertheless did not misstate the law. Id. at 769. On the authority of Adams and Dixon, we reject the contention that the second degree felony murder instruction was inaccurate.

IV.
The appellant contends that since the prosecution went forward on alternative theories of premeditation and felony murder based on the crime of rape, it was error for the trial court not to instruct the jury on the element of penetration. In a first degree murder prosecution based on felony murder, the court must instruct the jury on the definition of the underlying felony. Wright v. State, 250 So.2d 333 (Fla. 2d DCA 1971), rev'd on other grounds, 265 So.2d 361 (Fla. 1972).
The trial court, in instructing the jury on the underlying felony, recited all of the elements of the crime of rape. It is not necessary to instruct on the elements of the underlying felony with the same particularity that would be required if that offense were the primary crime charged. See Robles v. State, 188 So.2d 789 (Fla. 1966). The instruction on the underlying felony was adequate.

V.
The appellant contends that the trial court erred in not instructing the jury on the crime of assault with intent to commit rape as a lesser included underlying felony. Felony murder based on the underlying crime of assault with intent to commit rape is murder in the third degree. The appellant argues that the trial court's failure deprived him of the right to have the jury consider whether this less serious felony should be the basis for the appellant's felony murder conviction.
The evidence was sufficient to support a jury finding of the commission of rape or attempted rape. The trial court was not required to explore every facet of the facts and instruct on every conceivable felony; instructions on the felonies supported by the evidence and upon which the state based its case were all that were required. State v. Wright, 265 So.2d 361 (Fla. 1972); Schneider v. State, 152 So.2d 731 (Fla. 1963); State v. Barnes, 182 So.2d 260 (Fla. 2d DCA 1966).
Moreover, there was evidence to support a conviction for first degree murder based on premeditation. In such circumstances, *471 this Court has held that any error in instructing on homicide in the perpetration of other crimes is harmless. Frazier v. State, 107 So.2d 16 (Fla. 1958).

VI.
Following the sentencing hearing, the jury returned an advisory sentence of death and the trial judge imposed sentence in accordance with that recommendation. Appellant contends that under Florida's capital felony sentencing law, which reserves the death penalty for convicted offenders in only the most compelling circumstances, his sentence of death is improper.
After lengthy and laborious deliberations, we must vacate the appellant's sentence of death and direct the trial court to impose a life sentence under which parole will not be available for twenty-five years. Two members of the Court  Justices Sundberg and Hatchett  would reverse the appellant's conviction and obviously are precluded from passing upon the propriety of the sentence he received after this trial. The other four participating members of this Court, who would uphold the appellant's conviction, have been unable to reach agreement as to the propriety of the death sentence in this case. We are, in fact, hopelessly deadlocked on an equally divided vote. Two members  Justices Adkins and Overton  would affirm the sentence of death. Two other members  Chief Justice England and Justice Boyd  would not impose that sentence, the former favoring a remand for resentencing under section 921.141, Florida Statutes (1977), and the latter favoring a reduction of the appellant's sentence to life imprisonment. With the case in this posture, we believe that the sentence of death cannot stand.
In upholding the constitutionality of our death penalty statutes, both the United States Supreme Court and this Court have emphasized that "meaningful appellate review" of each death sentence by this Court is an element essential to the validity of the process.
[T]o the extent that any risk [of the death penalty being improperly imposed] exists, it is minimized by Florida's appellate review system, under which the evidence of the aggravating and mitigating circumstances is reviewed and reweighed by the Supreme Court of Florida "to determine independently whether the imposition of the ultimate penalty is warranted."
Proffitt v. Florida, 428 U.S. 242, 253, 96 S.Ct. 2960, 2967, 49 L.Ed.2d 913 (1976). See also State v. Dixon, 283 So.2d 1, 8 (Fla. 1973). It is self-evident that a sentence of death cannot lawfully be carried out unless at least four members of this Court agree that it is warranted, notwithstanding that the sentencing jury advised and the trial judge imposed that sentence.
In a situation such as exists here, it appears to us that the only proper sentence which can be entered is the alternate one authorized for this capital felony by section 775.082(1), Florida Statutes (1977)  that is, life imprisonment without eligibility for parole for twenty-five years.
Accordingly, the appellant's judgment of conviction of murder in the first degree is affirmed, the sentence of death is vacated, and the case is remanded with directions to impose a sentence of life imprisonment without eligibility for parole for twenty-five years.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
HATCHETT, J., dissents with an opinion, with which SUNDBERG, J., concurs.
ALDERMAN, J., did not participate in this decision because, as a circuit judge in Fort Pierce in 1974, he was the committing magistrate before whom appellant appeared after his arrest.
HATCHETT, Justice, dissenting.
As a ground for reversal, appellant relies on the rule laid down in Robles v. State, 188 So.2d 789 (Fla. 1966). In that case, we held that when the "prosecutor advert[s] to . . [a felony murder] theory in his closing argument, and the trial court include[s] an *472 instruction to the jury on the subject," Robles v. State, 188 So.2d 789, 791 (Fla. 1966), the elements of the underlying felony "must be defined sufficiency to assure the accused a fair trial." Id. at 793. The underlying felony involved in Robles v. State was burglary, and the court there found these instructions inadequate:
"The Court further instructs you that the gravamen of the offense of statutory burglary is the breaking into and entering of a dwelling house of another with the intent to commit a felony therein.
"It is not necessary for the State to prove premeditation where the death of the person killed is committed in the perpetration of, or in the attempt to perpetrate burglary. So that, if you find in the evidence, that the defendant killed Gayle Sherry Sterne while engaged in the commission of burglary, then the defendant should be adjudged guilty of murder in the first degree as the result of the perpetration of, or the attempt to perpetrate burglary." [At 793.]
Even though every element of burglary was specified, the court reversed Robles' first degree murder conviction because the jury "[was] left to its own devices as to what constitutes breaking and entering and as to the character of the felonious intent that is required." 188 So.2d at 793. In the present case, the jury instructions omitted altogether the element of penetration, making the definition of rape incomplete and misleading. Washington v. State, 302 So.2d 401 (Fla. 1974); Askew v. State, 118 So.2d 219 (Fla. 1960); State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944). See Standard Jury Instructions in Criminal Cases, p. 74 (1970).
The failure to charge as to penetration, when the underlying felony is rape, is a much more serious omission than failing to define breaking and entering, when the underlying felony is burglary, especially on facts like those in Robles v. State. There was no question that Robles "broke out some glass jalousies and gained entrance to the apartment," 188 So.2d 791, of his victim. In the present case, however, the evidence will support at least three versions of the crime, aside from a theory of premeditation: the jury could have disbelieved the appellant's claim which was made in the confession related by the witness Brumley, that he did not succeed in raping the victim; or the jury could have believed that he sought to effect penetration, but failed; or the jury could have believed that he never actually attempted penetration because of impotency. Proof of either of the first two versions of events would establish first degree felony murder (a killing "in the perpetration of, or in the attempt to perpetrate" rape), but the third possible interpretation of the evidence supports only a verdict of third degree murder and cannot support a verdict of first degree felony murder.
Under the rule of the Robles case, the conviction in the present case should be reversed because here the jury, in addition to being "left to its own devices as to" the precise meaning of those elements of the underlying felony which were specified, was also "left to its own devices as to" what the elements of the underlying felony were.
The decision in Robles v. State, clearly requires reversal of the conviction in the present case. The Robles court said:
We are not prepared to say that the elements of the supporting felony under the felony-murder rule must be explained to the jury with the same particularity that would be required if burglary were the primary crime charged. Nevertheless, we do hold that they must be defined sufficiently to assure the accused a fair trial of the commission of the secondary crime as well as the primary one.
188 So.2d at 793.
I am persuaded that a more workable rule is the straight-forward requirement that the trial judge instruct the jury on the elements of the underlying felony "with the same particularity that would be required if [the underlying felony] were the primary crime charged." 188 So.2d at 793.
It is no less important to define the offense of murder clearly and accurately in a prosecution for murder than to define rape or burglary clearly and accurately in prosecutions for those crimes. After the decisions *473 in State v. Dixon, 283 So.2d 1 (Fla. 1973), and Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976), it is especially important that first degree murder be defined fully and with as much clarity as possible. Under a felony murder theory, proof of the underlying felony is proof of an essential element of murder. In any prosecution, the jury should be given precise instructions as to each element of the offense, and murder prosecutions are no exception.
I would reverse the judgment and order a new trial.
SUNDBERG, J., concurs.
NOTES
[1] Section 782.04 was subsequently amended by chapter 74-383, section 14, Laws of Florida and chapter 75-298, section 6, Laws of Florida.
[2] Second degree felony murder is now defined as follows:

When a person is killed in the perpetration of, or in the attempt to perpetrate, any arson, [sexual battery], robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony shall be guilty of murder in the second degree, which constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in § 775.082, § 775.083, or § 775.084.
§ 782.04(3), Fla. Stat. (1977).