383 So.2d 1159 (1980)
Eve POSTELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1376.
District Court of Appeal of Florida, Third District.
June 3, 1980.
*1160 Ellis Rubin, Naples, and Charles H. Sinclair, Miami, for appellant.
Jim Smith, Atty. Gen. and Steven L. Bolotin, Asst. Atty. Gen., for appellee.
Before HUBBART, SCHWARTZ and DANIEL PEARSON, JJ.
DANIEL PEARSON, Judge.
Eve Postell, a thirteen-year-old female, was, along with four of her peers, charged by grand jury indictment with first-degree murder, burglary and robbery. Upon conviction of second-degree murder, burglary and robbery, she was sentenced to substantial terms of imprisonment in the State Penitentiary.[1] She challenges her conviction on the ground that her oral and videotaped confessions given at the station-house within several hours of her arrest, were wrongfully admitted at trial, having been procured in violation of her right to counsel and privilege against self-incrimination.[2] The underpinning of this contention is that Postell did not understand and therefore did not intelligently waive her rights under Miranda v. Arizona to remain silent and to consult with an attorney.[3] The fact that the confessions were made by *1161 a juvenile does not render the confessions ipso facto involuntary. Voluntariness is determined by taking into account the "totality of circumstances," and the age of the confessor is merely one of these circumstances.[4]State v. Francois, 197 So.2d 492 (Fla. 1967); Doerr v. State, 348 So.2d 938 (Fla. 2d DCA 1977); T.B. v. State, 306 So.2d 183 (Fla. 2d DCA 1975). The trial court found a knowing and intelligent waiver by Postell, and its finding is supported by substantial competent evidence. Lane v. State, 353 So.2d 194 (Fla. 3d DCA 1977); Gibbs v. State, 344 So.2d 621 (Fla. 3d DCA 1977); Melero v. State, 306 So.2d 603 (Fla. 3d DCA 1975).
We turn now to Postell's challenge to her sentence. Postell claims that she fulfilled all requirements for sentencing under the Florida Youthful Offender Act, Sections 958.011 et seq., Florida Statutes (Supplement 1978), and that, therefore, it was mandatory for the trial court to employ the Act's more lenient sentencing provisions and error for the trial court to impose the more severe adult sentence.[5] Since we find that Postell was not eligible to be classified as a youthful offender, we leave for another day the decision whether the sentencing benefits of the Youthful Offender Act must be accorded to one who meets the eligibility requirements of Section 958.04(1), Florida Statutes (Supplement 1978), and is not disqualified under Section 958.04(2), Florida Statutes (Supplement 1978).[6]
The pertinent provisions of the act are:
"958.04 Eligibility for youthful offender; classification. 
"(1) The court may classify as a youthful offender any person:
"(a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39;

"(b) Who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime which is, under the laws of this state, a felony of the first, second, or third degree if such crime was committed before the defendant's 21st birthday; and

"(c) Who has not previously been classified a youthful offender under the provisions of this act; however, no person who has been found guilty of a capital or life felony may be classified a youthful offender under this act.

"(2) A person shall be classified a youthful offender if such person meets the criteria of subsection (1) and such person:
"(a) Has not previously been found guilty of a felony, whether or not the adjudication of guilt has been withheld; or
"(b) Has not been adjudicated delinquent for an act which would be a capital, life, or first degree felony if committed by an adult."
(emphasis supplied).
The trial court found that Postell was ineligible under subsection (c) of Section 958.04(1), supra, to be classified as a youthful offender for the reason that a weapon *1162 was obtained in the house of the victim during the commission of the burglary, elevating that offense from a first-degree felony to a life felony under Section 775.087(1)(a), Florida Statutes (1977). While we agree Postell was ineligible to be classified as a youthful offender, the reason advanced by the trial court was clearly wrong under Fowler v. State, 375 So.2d 879 (Fla. 2d DCA 1979).
"Burglary of a dwelling is normally a felony of the second degree, but Section 810.02(2)(b), Florida Statutes (1977), makes it a felony of the first degree when the perpetrator is armed or arms himself during the burglary. Thus, the jury properly found appellant guilty of burglary while armed. The judge then applied Section 775.087(1)(a), Florida Statutes (1977), to reclassify the appellant's crime as a life felony, because a firearm was involved. That section, however, specifically states that it does not apply to a `felony in which the use of a weapon or firearm is an essential element... .' Accordingly, since use of a firearm was an essential element of burglary while armed under Section 810.02(2)(b), the judge misconstrued the application of Section 775.087(1)(a) to appellant's conviction for that crime." Fowler v. State, supra, at 880 (footnotes omitted).
Moreover, the only evidence adduced concerning the weapon was that one of Postell's co-defendants found the gun in a suitcase in the victim's house and placed the gun inside his belt. There was no evidence that Postell herself ever possessed this gun. It has been held that the minimum mandatory sentencing provisions of Section 775.087(2), Florida Statutes (1977), are not applicable in the absence of proof that the defendant personally, not vicariously or constructively, possessed the weapon during the commission of the crime involved. Earnest v. State, 351 So.2d 957 (Fla. 1977); Johnson v. State, 349 So.2d 1190 (Fla. 1977); McGowan v. State, 362 So.2d 335 (Fla. 3d DCA 1978); Arthur v. State, 351 So.2d 60 (Fla. 4th DCA 1977). We are of the view that the enhancement provisions of Section 775.087(1), Florida Statutes (1977), a fortiori require that the defendant personally possess the weapon during the commission of the crime involved.[7]
However, a correct ruling of a trial court will be sustained regardless of the incorrect reasons assigned for the ruling. Congregation Temple De Hirsch v. Aronson, 128 So.2d 585 (Fla. 1961); Green v. Bruns, 102 So.2d 610 (Fla. 1958); Moore v. City of St. Petersburg, 281 So.2d 549 (Fla. 2d DCA 1973); Leavstrom v. Muston, 119 So.2d 315 (Fla. 3d DCA 1960). Postell was, in fact, ineligible for classification as a youthful offender because she did not meet the separate requirement of subsection (a) of Section 958.04(1), that is, she was not a person "... who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39 ..." (emphasis supplied).
A child who is indicted by a grand jury for an offense punishable by death or life imprisonment is not a child who is transferred within the purview of Chapter 39, Florida Statutes.
Section 39.02(5)(c), Florida Statutes (Supplement 1978), provides:
"A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set forth in s. 39.06(7) unless and until an indictment on such charge is returned by the grand jury. When an indictment is returned, the petition for delinquency, if any, shall be dismissed and the child shall be tried and handled in every respect as if he were an adult. ..." (emphasis supplied).
The return of an indictment against a child divests the juvenile court of jurisdiction. State v. N.B., 360 So.2d 162 (Fla. 1st DCA *1163 1978). The indicted child awaiting trial, if not otherwise eligible for release on bail, must be incarcerated in an adult facility. State ex rel. Powers v. Schwartz, 355 So.2d 460 (Fla. 3d DCA 1978). The indicted child is, upon conviction, subject to the adult minimum sentencing provision of Section 775.087, Florida Statutes. Ringel v. State, 366 So.2d 758 (Fla. 1978). As the statute so plainly says, the indicted child is to be "handled in every respect as if he were an adult."
In contrast, the child who, after a waiver hearing, is transferred by the juvenile court for adult prosecution retains the right to be sentenced as a child. Section 39.02(5)(a), Florida Statutes (Supplement 1978), provides:
"If the court finds, after a waiver hearing, that a child who was 14 years of age or older at the time the alleged violation was committed and who is alleged to have committed a violation of Florida law should be charged and tried as an adult, then the court may enter an order transferring the case and certifying the case for trial as if the child were an adult. The child shall thereafter be subject to prosecution, trial, and sentencing as if the child were an adult but subject to the provisions of s. 39.111(6)." (emphasis supplied).
See Proctor v. State, 373 So.2d 450 (Fla. 2d DCA 1979), and Johnson v. State, 371 So.2d 556 (Fla. 2d DCA 1979) (holding that a child who has been transferred after a waiver hearing is exclusively subject to the sentencing provisions of Chapter 39). Since the Legislature in Section 39.02(5)(a), supra, chose to make available to waived juveniles the favorable sentencing provisions of Section 39.111(6), and omitted such a clause in Section 39.02(5)(c), we discern its intent to be that the indicted juvenile be sentenced as an adult. Any other holding would produce the anomalous result that a child indicted for an offense punishable by death or life imprisonment would be subject to youthful offender sentencing only, whereas a child waived and transferred for adult prosecution could under certain conditions be sentenced as an adult. See § 39.111(6)(c) and (d).[8]
We have previously noted that the language of Section 39.02(5)(c), Florida Statutes, is clear.
"The above statute needs no elaborate interpretation; it means exactly what it says. A circuit court is without authority to treat an indicted juvenile under the protective provisions of Chapter 39, Florida Statutes (1975). Such a juvenile must be treated pre-trial as an adult in every respect including the setting of terms for bail or release or confinement." State ex rel. Powers v. Schwartz, 355 So.2d 460, 461 (Fla. 3d DCA 1978).
We now add another "respect" in which a child indicted for an offense punishable by death or life imprisonment will be treated as an adult  such a child is rendered ineligible for classification and treatment as a youthful offender.
Affirmed.
NOTES
[1] The court imposed concurrent 99-year terms on the murder and burglary and a consecutive 15-year term on the robbery.
[2] Postell's separate contention that her confessions were involuntary because her mother, present with Eve at all times during questioning, told her to "tell the police everything," deserves little discussion. See Anglin v. State, 259 So.2d 752 (Fla. 1st DCA 1972) (where the court upheld a juvenile's confession despite his mother's exhortation to tell the truth or she would "clobber" him). If anything, the mother's presence tended to assure that no coercive police behavior would occur. See Vasil v. State, 374 So.2d 465 (Fla. 1979); Hallihan v. State, 226 So.2d 412 (Fla. 1st DCA 1969).
[3] The warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were given to her preceding each confession.
[4] Postell's counsel suggested that her lack of intelligence and understanding was evidenced by her responses to the Miranda warnings. The 35-minute videotaped confession, which this court fully reviewed, showed that a full ten minutes were spent discussing Postell's rights; that thereafter Postell, without interrogation, gave an uninterrupted narrative of the crimes; and that the remaining time was spent going over what she had narrated. At no time was an answer suggested to her. Postell is literate, but uses a street patois often difficult to understand. The trial court's conclusion that she knowingly and understandingly waived her Miranda rights was amply supported by the evidence.
[5] The maximum term of custody which can be imposed under the Florida Youthful Offender Act is six years, not more than four of which can be in the form of imprisonment. § 958.05(2), Fla. Stat. (Supp. 1978). The court may also impose a minimum term of one-year imprisonment without parole eligibility if certain aggravating factors are found to exist. § 958.05(3), Fla. Stat. (Supp. 1978).
[6] The Fourth District Court of Appeal recently held that the Florida Youthful Offender Act must be utilized where the defendant meets all eligibility requirements. State v. Pizarro, 383 So.2d 762 (Fla. 4th DCA 1980) (Case No. 78-2793, opinion filed January 23, 1980).
[7] Section 775.087(1) requires that the defendant carry, display, use, threaten or attempt to use the weapon or firearm; Section 775.087(2) requires that the defendant have in his possession the firearm.
[8] Postell's argument that an indictment is a "transfer" must hinge entirely on a single imprecise use of the term "transfer" in Section 39.02(5)(d): "Once a child has been transferred for criminal prosecution pursuant to a waiver hearing, indictment, or information... ." When the Florida Juvenile Justice Act is read in its entirety, Postell's argument fails. See, e.g., discussion of comparison between Section 39.02(5)(a) and Section 39.02(5)(c), supra; and see Section 39.02(6), which provides for sentencing as a juvenile for a child who "has been transferred for criminal prosecution as an adult," which under Section 39.02(5)(a) is only applicable to a child who has been waived.