BERANEK, Judge.
Juvenile defendant appeals the sentences imposed for armed robbery in two separate cases on grounds that the trial court erred in failing to follow the sentencing procedures in Section 39.111, Florida Statutes (1979). These appeals are consolidated for the purpose of this opinion.
On May 30, 1979, the grand jury returned three indictments against defendant, a 17 year old juvenile. Two of the indictments charged defendant with committing armed robberies on May 20, 1979. The other indictment charged defendant with two counts of armed robbery on May 17, 1979. The robberies occurring on May 20 were prosecuted separately with Judge Grossman as the trial judge. The robberies occurring on May 17th were tried before Judge Price. On October 22, defendant pled guilty before each of the judges and adjudication and sentencing were deferred.
.On January 11, 1980, Judge Price entered an order pursuant to Section 39.111, Florida Statutes (1979), finding the imposition of adult sanctions against the juvenile defendant appropriate. On the same day, Judge Price sentenced defendant to three years in State prison on each charge to run concurrently with each other and with any sentence imposed by Judge Grossman in the other case. Judge Price specifically sentenced defendant as a youthful offender.
On January 17, six days after Judge Price’s order, judgment and sentence, Judge Grossman entered judgment and sentence in the other prosecution. Defendant was again sentenced as a youthful offender, this time to six years on each of the two counts the last two years suspended, to run concurrently. Judge Grossman did not, however, enter an order pursuant to Section 39.111 finding adult sanctions appropriate.
Defendant appeals Judge Price’s sentence arguing that his order pursuant to Section 39.111 did not sufficiently address the mandatory criteria under the statute. He appeals the sentence imposed by Judge Gross-man asserting as error the failure to enter any order determining the suitability of adult sanctions. The State counters that the criteria under Section 39.111(6) need not be followed where the juvenile defendant has been charged by indictment. The Third District has so held in Postell v. State, 383 So.2d 1159 (Fla. 3d DCA 1980). The First District has decided to the contrary and rejected Postell in Goodson v. State, 392 So.2d 1335 (First Dist. Fla.App.1980) but has certified the question on rehearing (Opinion filed October 27, 1980).
Initially, we find Judge Price’s order determining the suitability of adult sanctions to be sufficient. The order specifically addresses each of the six criteria under Section 39.111(6)(c). Defendant was thus under a lawful sentence as an adult (youthful offender) at the time he came before Judge Grossman for sentencing in the other case.
Though we find Postell the better-reasoned approach, we need not and specifically do not choose between Postell and Good-son in deciding this case. Regardless of whether Section 39.111(6) is mandatory after an indictment, the practicalities of the instant case lead us to conclude there was no need for such an order in the second sentencing. Defendant was already under a valid sentence to state prison imposed by Judge Price. If concurrent juvenile sanctions were imposed in the other case, defendant would still have to serve his adult sentence. In short, since defendant was subject to a 3 year state prison sentence for armed robbery, there was no necessity to further consider whether adult or juvenile sanctions were appropriate for other separate armed robbery convictions.
We, therefore, conclude no order under Section 39.111 determining the suitability of adult sanctions was necessary after defendant was validly sentenced as an adult to a term in state prison.
The judgments and sentences are affirmed.
AFFIRMED.
MOORE and GLICKSTEIN, JJ., concur.