PER CURIAM.
Dwayne Miller was charged with two counts of armed robbery with a firearm and an order of involuntary waiver was entered pursuant to sections 39.022(5)(a) and 39.052(2), Florida Statutes (Supp.1990). Under the terms of this order Miller’s case was transferred to the felony division of the circuit court where he will be tried as an adult. The order provides in pertinent part:
The child shall be held by the Sheriff of this County until he is released under bond or otherwise, to be set by the felony division judge, conditioned upon his appearance to answer the State of Florida on the foregoing charge.
Miller then filed a motion in the circuit court seeking transfer from the Leon County jail to the Criswell House, a juvenile commitment facility. A different circuit judge considered the motion and, after hearing evidence from the director and staff of Criswell House, granted it. The State now seeks to have that decision reviewed by this court by petitioning for a writ of certiorari.
Petitioner argues first that the second circuit judge did not have jurisdiction to, in effect, overturn the decision of the first circuit judge who committed Miller to custody of the Sheriff. We disagree. The original order, by its express terms, contemplates review of the terms of the defendant’s pre-trial release by a felony division judge. Even if the order did not contain such language, further consideration of the matter by a circuit judge would not run afoul of jurisdictional principles. Cf. State ex rel. Scaldeferri v. Sandstrom, 285 So.2d 409 (Fla.1973).
The petitioner also argues that referral of a juvenile who will be tried as an adult to a juvenile facility prior to trial is unauthorized, relying primarily on Postell v. State, 383 So.2d 1159 (Fla. 3d DCA 1980). Postell is distinguishable from the instant case, however, as there the defendant had been indicted and was subject to the terms of section 39.02(5)(c)l., Florida Statutes (Supp.1978) (now § 39.022(5)(c)l. (Supp.1990)), which provides that such a juvenile shall be “tried and handled in every respect as if he were an adult.” Miller, by contrast, was involuntarily transferred to the felony division and an information was filed against him. Section 39.022(5)(a), Florida Statutes (Supp.1990), provides that “[t]he child shall thereafter be subject to prosecution, trial, and sentencing as if the child were an adult_” We find the difference in the language of these two statutory sections significant and believe that the legislature intended to allow more dis *1202 cretion in fixing terms of pre-trial release of a juvenile who is involuntarily transferred than one who is indicted. Florida Rule of Criminal Procedure 3.131(b)(l)(iv) authorizes pre-trial release by “placing the defendant in custody of a designated person or organization agreeing to supervise him.” Where, as here, a trial court has heard uncontradicted evidence that placement in a juvenile facility is appropriate, we find no legal obstacle to the trial court making that the condition of pre-trial release in these circumstances. Accordingly, the petition for writ of certiorari is
DENIED.
ERVIN and BARFIELD, JJ., concur.
BOOTH, J., dissents.