PER CURIAM.
The state moved to have the defendant, a fifteen-year-old juvenile, tried as an adult for the offense of armed robbery. The court granted the motion and, thereafter, a jury found him guilty as charged. We reject the defendant’s present claims that the trial court erred in ordering him shackled during jury selection and at trial, and in sentencing him as an adult.
The court is under an obligation to maintain safety and security in the courtroom. This obligation outweighs, under proper circumstances, the risk that the security measures may impair the defendant’s presumption of innocence. Diaz v. *133 State, 513 So.2d 1045, 1046 (Fla.1987), cert. denied, 484 U.S. 1079, 108 S.Ct. 1061, 98 L.Ed.2d 1022 (1988) (citing Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353, reh’g denied, 398 U.S. 915, 90 S.Ct. 1684, 26 L.Ed.2d 80 (1970); Dufour v. State, 495 So.2d 154 (Fla.1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987)). In the instant case, the record discloses that the defendant had told corrections officers that he would attempt to escape during the trial and, in the attempt, would batter and inflict bodily injury on persons in the courtroom. Although given ample opportunity, the defendant failed to challenge the prosecutor’s assertions that he had previously been convicted of armed robberies and other crimes of violence and had previously escaped from juvenile detention. When the defendant was ordered shackled by the trial judge, the judge kept the shackles hidden from the jurors by having the defendant seated between his two co-defendants or farthest away from the jury box. Further, objects were placed in front of the table where defendant sat during jury selection and at trial as additional concealment. Consequently, we find the trial court was justified in requiring the defendant to be shackled, and successfully placed the defendant so as not to prejudice the jury.
Finally, we conclude that the trial court correctly sentenced the juvenile defendant as an adult offender after addressing, in open court, each of the criteria contained in section 39.059(7)(c), Florida Statutes (1991). The trial court reduced its findings to writing and the transcript contained the factual foundation necessary to sentence the defendant as an adult. Pimentel v. State, 442 So.2d 228 (Fla. 3d DCA 1983), review denied, 450 So.2d 488 (Fla.1984); Schroeder v. State, 391 So.2d 260 (Fla. 4th DCA 1980).
Accordingly, defendant’s conviction and sentence are affirmed.