727 So.2d 404 (1999)
STATE of Florida, DEPARTMENT OF CHILDREN & FAMILIES, a State Agency, Petitioner,
v.
Demetrius MORRISON, Respondent.
No. 98-674.
District Court of Appeal of Florida, Third District.
March 10, 1999.
*405 Carmen Dominguez Frick, Assistant District Legal Counsel, Department of Children & Families, Miami, for petitioner.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, Miami, for respondent.
Before NESBITT, GODERICH, and SHEVIN, JJ.

On Rehearing Granted
NESBITT, J.
We grant rehearing and hereby substitute the following opinion in place of the earlier panel opinion, released at 23 Florida Law Weekly D1761 (Fla. 3d DCA July 29, 1998)(which is vacated and withdrawn).
Demetrius Morrison, age sixteen, was indicted as an adult on a charge of first-degree premeditated murder in the shooting death of Laurent Valme. Subsequently, upon the advice of two psychiatrists, the circuit court found Morrison incompetent to proceed to trial. In its March 8, 1998 order, adjudging Morrison incompetent to stand trial, the court also ordered Morrison committed to the Department of Children and Families, directing the Department to place him "in a secure facility in which there is absolutely no integration of adult patients with juveniles." Further, the court stated that "a facility geared to the rehabilitation of juveniles is appropriate based on the facts and circumstances of this case."
Contending that, as a matter of law, the circuit court was without authority to order Morrison to a specific mental health facility, the Department petitions this court for a Writ of Certiorari directed to the above-mentioned provisions of the circuit court's order. We agree and for the following reasons, grant the petition and quash the challenged portions of the order under review.
First, notwithstanding Morrison's argument to the contrary, the Department, which has been ordered to take custody of Morrison in the specific manner described by the circuit court, clearly has standing to challenge that order. See Department of Health & Rehabilitative Services v. Myers, 696 So.2d 863 (Fla. 4th DCA 1997)(writ of certiorari appropriate where government entity, a non-party to the underlying criminal case, would suffer irreparable harm and where that entity has no other adequate remedy); see also Department of Children & Families v. Garcia, 711 So.2d 1342 (Fla. 3d DCA 1998).
Second, the trial court's authority under Florida Rule of Criminal Procedure 3.212(c) is to commit Morrison to the Department for treatment, but this authority does not extend to ordering the specific placement of Morrison to a particular facility. Morrison's specific placement is to be determined by the Department. Neither Rule 3.212(c) nor section 916.13, Florida Statutes (1997), give the trial court the authority in a commitment order to direct that a defendant be placed in a specific facility or to issue instructions to the Department on the manner of treatment. See State ex rel. Department of Health & Rehabilitative Services v. Sepe, 291 *406 So.2d 108, 109 (Fla. 3d DCA 1974); see also, State ex rel. Department of Health & Rehabilitative Services v. Nourse, 437 So.2d 221 (Fla. 4th DCA 1983). But see Department of Health & Rehabilitative Services v. Stoutamire, 602 So.2d 564, 567 (Fla. 2d DCA 1992). The trial court may, of course, make a nonbinding recommendation regarding the defendant's placement or manner of treatment.[1]
We next address the Department's reliance on section 985.225, Florida Statutes (1997), which states:
985.225 Indictment of a juvenile.
(1) A child of any age who is charged with a violation of state law punishable by death or life imprisonment is subject to the jurisdiction of the court as set forth in s. 985.219(7) unless and until an indictment on the charge is returned by the grand jury. When such indictment is returned, the petition for delinquency, if any, must be dismissed and the child must be tried and handled in every respect as an adult:

(a) On the offense punishable by death or by life imprisonment; and
(b) On all other felonies or misdemeanors charged in the indictment which are based on the same act or transaction as the offense punishable by death or by life imprisonment or on one or more acts or transactions connected with the offense punishable by death or by life imprisonment.
(Emphasis added).
The Department argues that the statute's wording that the child "must be tried and handled in every respect as an adult," requires Morrison to be housed with adults within the Department. The Department argues further that because Morrison was indicted as an adult for first-degree premeditated murder, a capital felony, the statute allows no separate program to be established or prescribed for an indicted juvenile who has been committed as an adult. We disagree.
Section 985.225 does indeed provide that when a child has been indicted for a capital crime, the juvenile proceeding will cease and the case will proceed against the child as if he were an adult. The case will go forward in the criminal division of the circuit court, not the juvenile division. If detained before trial, the child will be held in the jail or other adult detention facility. See State ex rel. Powers v. Schwartz, 355 So.2d 460 (Fla. 3d DCA 1978). Where competency is at issue, any commitment will be to an adult facility.
The question raised by the Department, however, and the point at which our view diverges from that of the Department, is whether section 985.225 tells the jailer or mental health custodian how to house and treat an indicted child who had been committed as an adult to their care. It is clear to us that section 985.225 does not address this situation.
If the Department was correct in its reading of section 985.225, it would follow that every indicted juvenile committed to jail would have to be placed in the adult population. In reality, another provision of chapter 985 specifies the exact opposite: when a child being prosecuted as an adult (including an indicted child) is housed in "a jail or other facility intended or used for detention of adults ... [t]he child shall be housed separately from adult inmates to prohibit a child from having regular contact with incarcerated adults, including trustees." § 985.215(4), Florida Stat. (1997).[2] Obviously, then, the legislature did not intend that section 985.225 address how a jailer or custodian would house or treat an indicted child, for the legislature instead enacted 985.215 which (a) is quite specific, and (b) mandates separation of juveniles held in adult facilities. As a common *407 matter of statutory construction, apparently contradictory statutes relating to the same or similar subjects must be construed so as to harmonize and reconcile them with each other. See Woodgate Development Corp. v. Hamilton Inv. Trust, 351 So.2d 14, 16 (Fla.1977). In our view, it would be anomalous to say that in section 985.215 the legislature mandated separation of juveniles and adults when an indicted child is held in jail, but that it commanded in section 985.225 that they be lodged together when committed to a mental health facility.
Reading chapter 985 as a whole, section 985.225 does no more than say that for pretrial detention or competency matters, an indicted child will be committed as an adult to jail or to a mental health facility. In the case of a jailed child, the jailer then looks to another statute, section 985.215, for the conditions of confinement. In the case of a commitment for mental health treatment, the Department must look to any other statute which may be applicable, as well as to its professional judgment on sound treatment.
In the present case Morrison argues that separate treatment for minors committed for mental treatment is regulated by section 394.4785, Florida Statutes (1997). Because the Department was not given notice of the proceedings in the trial court, the Department has not had an opportunity to address this claim, and we do not reach it now. For the same reason we express no opinion on the effect of section 916.107, Florida Statutes (1997), or the decision in Department of Health & Rehabilitative Services v. Stoutamire, 602 So.2d 564 (Fla. 2d DCA 1992). If Morrison contends that his placement violates an applicable statute, or that the conditions of his confinement violate a constitutional provision, then after exhausting administrative remedies Morrison may bring an appropriate action against the Department. See Singletary v. Duggins, 724 So.2d 1234, 24 Florida L. Weekly D181 (Fla. 3d DCA 1999); State ex rel. Powers v. Schwartz, 355 So.2d 460, 461 (Fla. 3d DCA 1978).
For the aforementioned reasons, we grant the petition for certiorari and quash the relevant paragraphs, paragraph five (5) and paragraph seven (7), of the trial court's order.
NOTES
[1] The Department also has a legitimate complaint that, insofar as the order prescribed "mandatory directions to the agency as to the method and duration of treatment ... the state agency had not been brought into the case by proper process, and had not been furnished with notice and an opportunity to be heard thereon." Sepe, 291 So.2d at 109 (citation omitted).
[2] The requirement that a jailed child be separated from adult inmates dates back to the enactment of the original juvenile court statute in 1951. See §§ 39.02(6), 39.03(5), Fla. Stat. (1951); ch. 26880, Laws of Fla. (1951).