BERANEK, Judge.
The Department of Health and Rehabilitative Services seeks prohibition. Although this case is now moot, we shall consider it because of its effect upon the administration of the juvenile system and on similar cases. The trial court ordered the Secretary of Health and Rehabilitative Services to personally confine the juvenile to a secure facility and guard her, if necessary. The court had no jurisdiction to direct a specific placement and treatment of an individual committed to the Department of Health and Rehabilitative Services. State ex rel Department of Health and Rehabilitative Services v. Sepe, 291 So.2d 108 (Fla. 3d DCA 1974). Also see Department of Health and Rehabilitative Services, Division of Mental Health, South Florida State Hospital v. State, 338 So.2d 220 (Fla. 4th DCA 1976). We note, however, that the Department of Health and Rehabilitative Services did place the juvenile in question in the *222 facility ordered by the trial court, and a short time thereafter advised the trial court that the juvenile had again escaped. This juvenile is 13 years old and has run away from home or escaped from HRS facilities on at least eleven occasions. Both the trial court and HRS have exhibited extreme frustration over these unfortunate events. While the juvenile was in the custody of the Department of Health and Rehabilitative Services, she most recently escaped while on an off-campus visit with her parents. We wish we had the answers. We do not. Prohibition is granted because the court does not have the jurisdiction to manage the details of how the Department of Health and Rehabilitative Services will attempt to rehabilitate juveniles.
PROHIBITION GRANTED.
DOWNEY and HERSEY, JJ., concur.