661 So.2d 69 (1995)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Steven BILLS, Appellee.
No. 94-02128.
District Court of Appeal of Florida, Second District.
June 16, 1995.
*70 Anthony N. DeLuccia, Jr., Arcadia, for appellant.
James Marion Moorman, Public Defender, and John C. Fisher, Asst. Public Defender, Bartow, for appellee.
PATTERSON, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals from the trial court's order finding HRS to be in civil contempt of court. We reverse.
In 1991, the appellee, Steven Bills, was charged with eight counts of sexual battery and two counts of lewd acts. On motion of the public defender, the trial court ordered Bills to be examined to determine his competency to stand trial. Bill E. Mosman, Ph.D., examined Bills and found that he had an organic personality disorder, a conduct disorder, organic brain damage, and was incompetent and in need of hospitalization. Bills was committed to HRS and hospitalized at the Florida State Hospital. In 1993, the Hospital determined Bills to be competent, and released him to the Lee County Jail. Due to lapses in his medication and the nature of his confinement, Bills' condition deteriorated.
Mosman examined Bills again and reaffirmed his prior findings. He determined that Bills' brain damage caused him to function at a nine or ten-year-old level. He again determined Bills to be incompetent to stand trial. After some haggling between the trial court and HRS as to the type of facility to which Bills should be committed, the court again committed Bills to the Florida State Hospital. At this point in the proceedings, HRS informed the court that Bills could not be placed in the Hospital for approximately eight weeks because of lack of bed space caused by a lack of funding by the legislature. Neither Bills nor the prosecutor rebutted this assertion.
The trial court responded with an order which states in pertinent part: "[T]hat the Department of Health and Rehabilitative Services shall be fined $150.00 per day, from this day forward, for each day that the Defendant is still in the custody of the Lee County Jail pending placement by the Department in an appropriate facility." The order does not make a finding of contempt or a determination of HRS's ability to comply; however, the nature of the order is one of civil contempt from which HRS could purge itself by removing Bills from the Lee County Jail.
Before a trial court can hold a party in civil contempt, it must make a finding that the party has the present ability to comply with the order and willfully refuses to do so. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985). Going beyond the obvious fatal deficiencies in the order's form, HRS could in no event, under the facts presented, be found to be in contempt. It stood unrebutted that HRS did not have the ability to immediately transport Bills to the Florida State Hospital, or any other facility. See Florida Dep't of HRS v. State, 616 So.2d 66 (Fla. 1st DCA 1993).
Accordingly, we reverse the trial court's contempt order.
CAMPBELL, A.C.J., and THREADGILL, J., concur.