667 So.2d 980 (1996)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Steve MAXWELL, Appellee.
No. 94-2038.
District Court of Appeal of Florida, Fourth District.
February 14, 1996.
Robert A. Butterworth, Attorney General, Tallahassee, and Doquyen T. Nguyen, Assistant Attorney General, Hollywood, for appellant.
Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Fort Lauderdale, for appellee.
STEVENSON, Judge.
This is an appeal from an order of the circuit court holding the Department of Health and Rehabilitative Services (HRS) in contempt for failing to move an incompetent defendant from the county jail to a state licensed facility within a 15 day period. See § 916.107(1)(a), Fla.Stat. (1993) (mandating that mentally ill defendants, after they have been found by the court to meet the criteria for involuntary commitment, be transferred from jail to a secure facility operated by HRS within 15 days). At the contempt hearing, the HRS representative informed the court that the defendant had not been transferred out of the county jail because of an unavailability of bed space due to inadequate funding from the legislature. The HRS representative informed the trial court that the defendant was scheduled to be transported within 3 days of the hearing. The trial court held HRS in contempt, directed HRS to place the defendant in a facility, and ordered HRS to reimburse Broward County at the rate set for inmate housing for a period of 28 days.
We reverse the order of contempt. HRS' evidence that it could not comply with the order because no bed space was available due to inadequate funding was unrebutted. See Florida Dep't of Health and Rehabilitative Servs. v. Bills, 661 So.2d 69 (Fla. 2d DCA 1995). Further, the order is technically deficient because the trial court failed to make an express finding that HRS had the ability to comply with the court's directives. See Florida Coast Bank of Pompano Beach *981 v. Mayes, 433 So.2d 1033, 1036 (Fla. 4th DCA 1983), rev. dismissed, 453 So.2d 43 (Fla.1984) (trial court must make an express finding of ability to comply before imposing sanctions). In addition, the trial court failed to find that HRS' refusal to comply with the order was willful. See Strauser v. Strauser, 303 So.2d 663, 664 (Fla. 4th DCA 1974) (party may only be held in contempt upon a determination that its failure to comply with court order was willful); see also Robbins v. Robbins, 429 So.2d 424, 430 (Fla. 3d DCA 1983) (orders holding a party in contempt must show on their faces the requisite for their validity and the record must support those elements).
Accordingly, the order of contempt is REVERSED.
DELL and STONE, JJ., concur.