830 So.2d 849 (2002)
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Petitioner,
v.
M.H. and State of Florida, Respondents.
Department of Children and Family Services, Petitioner,
v.
D.T. and State of Florida, Respondents.
Department of Children and Family Services, Petitioner,
v.
D.T. and State of Florida, Respondents.
Department of Children and Family Services, Petitioner,
v.
V.F. and State of Florida, Respondents.
Nos. 2D02-1735, 2D02-1736, 2D02-1737, 2D02-1738.
District Court of Appeal of Florida, Second District.
August 9, 2002.
Rehearing Denied November 14, 2002.
*850 Keith J. Ganobsik, Largo, for Petitioner.
Bob Dillinger, Public Defender, Clearwater, for Respondents.
PER CURIAM.
Four juveniles, facing delinquency charges and found by the circuit court to be incompetent to proceed, were committed to the custody of the Department of Children and Family Services (DCF) for placement in a secure residential treatment program pursuant to section 985.223, Florida Statutes (2001). Frustrated that the children remained for weeks in the county detention facility and had not been placed by DCF in an appropriate facility for treatment, counsel for the children moved the circuit court to compel their placement. The circuit court responded by ordering DCF to place the children within seventy-two hours or to show cause why DCF should not be held in contempt of court. DCF immediately filed a petition in this court to review the circuit court order. This court has certiorari jurisdiction. See Dep't of Children & Families v. Morrison, 727 So.2d 404, 405 (Fla. 3d DCA 1999). By unpublished order we granted the petition and quashed the trial court order.
We commence our discussion of this troublesome issue by expressing our appreciation of the circuit court's impatience with the state of affairs in which incompetent children are warehoused in detention facilities because insufficient bed space is available to commence the treatment that is designed to restore their competency. That being said, we are also mindful of the dilemma faced by DCF to provide treatment to incompetent juveniles when sufficient funding has not been allocated.
Our authority addressing disputes of this nature does not allow us to develop a solution to the problem, which only the legislature has the means and authority to accomplish. Instead, based on the separation of powers and a reasonably extensive body of case law, we hold that the circuit court is without authority to compel DCF to place the children in programs for which space is simply not available. Any other result would invite circuit courts from sixty-seven counties to order treatment for the children under their supervision to take precedence over treatment of others, which would inevitably cause chaos.
As a general proposition, once a circuit court has committed an individual to DCF it may not monitor and evaluate the department's functioning, Dep't of Children & Family Servs. v. I.C., 742 So.2d 401 (Fla. 4th DCA 1999), and the circuit court lacks jurisdiction to direct a specific placement and treatment of an individual committed to the department, Dep't of Health & Rehabilitative Servs. v. Nourse, 437 So.2d 221 (Fla. 4th DCA 1983). Florida appellate courts have disapproved judicial directives that placement occur within specified periods not mandated by statute or rule. Dep't of Health & Rehabilitative Servs. v. V.L., 583 So.2d 765 (Fla. 5th DCA 1991). The same restrictions are imposed upon circuit courts with regard to DCF's treatment of adult offenders who are committed for treatment. Dep't of Health & Rehabilitative Servs. v. Bills, 661 So.2d 69 (Fla. 2d DCA 1995) (finding that contempt sanction is impermissible when it stood unrebutted that the department did not have the ability to transport the criminal defendant to any treatment facility); Quiala v. State, 659 So.2d 287 (Fla. 3d DCA 1994); Dep't of Health & Rehabilitative Servs. v. Pelz, 609 So.2d 155 (Fla. 5th DCA 1992). The same principles apply when circuit courts attempt to exercise authority over placement *851 by the Department of Corrections of sentenced prisoners. See, e.g., Singletary v. Acosta, 659 So.2d 449 (Fla. 3d DCA 1995).
The children argue that the principles outlined in the foregoing opinions should be disregarded on three bases. First they argue that because section 985.223 does not contain any specific time limitation for placement in a treatment facility, unlike the provisions governing like-situated adults,[1] the legislature intended for placement to occur immediately. Thus, they argue that holding children in detention facilities for any length of time violates section 985.223. We decline their invitation to amend this statute in the fashion advocated. We also note that section 985.223(7) states that it shall be implemented "only subject to specific appropriation." DCF thus refers to this as a "funds available" program. Treatment of incompetent children accused of delinquent offenses represents a high social priority, but it is not within our power to rewrite the statute to impose time limitations that the legislature evidently thought were unnecessary or impractical.
Second, the children rely on this court's decision in Department of Health & Rehabilitative Services v. Stoutamire, 602 So.2d 564 (Fla. 2d DCA 1992). Stoutamire is a fact-specific case in which this court approved a judicially mandated plan of treatment for a mentally ill criminal defendant. The decision emphasized that its holding was "grounded in the very unusual facts of the present action, and should be construed narrowly and employed as precedent only with extreme caution." Stoutamire, 602 So.2d at 565. The children in this proceeding have not demonstrated that their circumstances differ markedly from that of many other children around the state awaiting placement for treatment aimed at restoring their competency, and we disagree that Stoutamire provides any helpful precedent in deciding the outcome of this original proceeding.
Third, the children rely on Miller v. Carson, 524 F.Supp. 1174 (M.D.Fla.1981), a federal district court decision grounded upon prior court orders determining that conditions in identified facilities in Duval County rendered them constitutionally unacceptable for housing certain classes of ailing inmates. We fail to see how the federal district court's ruling based upon specific facts developed after evidentiary hearings has bearing on the issue we are presented with here.
It provides this court no pleasure in quashing the well-intentioned order of the circuit court designed to hasten the treatment required for the petitioners. While we understand that DCF bears the responsibility for the welfare of children so situated, we cannot ignore that its task can be performed only to the extent that funding is made available to it by the legislature. Nothing in the record before this court suggests that DCF has not been diligent within its limited resources to see that the petitioners' needs are met.
Certiorari granted; order of the circuit court quashed.
BLUE, C.J., and GREEN and DAVIS, JJ., Concur.
NOTES
[1] Section 916.107(1)(a), Florida Statutes (2001), concerns placement of adults adjudicated incompetent pending criminal prosecution and requires that county jails may be utilized as holding facilities pending placement for no more than fifteen days.