844 So.2d 694 (2003)
DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
Jehoshaphat MITCHELL, Respondent.
No. 5D03-652.
District Court of Appeal of Florida, Fifth District.
April 25, 2003.
John Raymaker, Tallahassee, for Petitioner.
*695 James Russo, Public Defender, and Blaise Trettis, Assistant Public Defender, Viera, for Respondent.
MONACO, J.
The petitioner, Department of Children and Families ("DCF"), sought a writ of prohibition to address the trial court's order directing DCF to release the respondent, Jehoshaphat Mitchell, on furlough from the Florida Civil Commitment Center to enable him to attend a funeral. DCF further sought an emergency order staying the implementation of the trial court's order. As respondent was to be released in accordance with the furlough order shortly after the petition was filed, we granted the stay, but directed respondent to file an expedited response.
Although the granting of the stay has now mooted the issue of Mitchell's furlough, we write because the issue raised is one which is capable of repetition, yet would otherwise avoid review because of its sensitivity to time. See Kight v. Dugger, 574 So.2d 1066, 1068 (Fla. 1990); Lee v. South Florida Water Management Dist., 805 So.2d 893, 896 (Fla. 2d DCA 2001).
Mitchell was convicted of committing three lewd, lascivious or indecent acts on children during 1994 and 1995, and was sentenced to state prison. Prior to his release from prison, the State sought to commit Mitchell involuntarily pursuant to the Jimmy Ryce Act, § 394.910, et seq., Florida Statutes. In accordance with the Act, the trial court determined that there was probable cause to believe that Mitchell was a sexually violent predator, and he was ordered held in a secure facility pending trial.
Apparently, Mitchell orally moved for a furlough based on a death in his family, and the trial court granted the motion, and ordered that Mitchell be released to the custody of his sister to attend the funeral. So far as we are able to tell, DCF was not notified of the hearing, and learned of the order only upon being served a copy of it. DCF sought prohibition on the theory that there was no legal authority for the trial court's furlough order, and that the order, therefore, exceeded the trial court's jurisdiction. Section 394.915(5), Florida Statutes, reads as follows:
(5) After a court finds probable cause to believe that the person is a sexually violent predator, the person must be held in custody in a secure facility without opportunity for pretrial release or release during the trial proceedings.
This statute clearly prohibits pretrial release of Mitchell. No exceptions are made within it for furlough. Based on the plain reading of the statute, therefore, we conclude that the trial court exceeded its jurisdiction in entering the furlough order.
The issue of the constitutionality of section 394.915(5) was not raised or briefed, either here or in the lower court, and, accordingly, we express no opinion in that regard. As the granting of the stay has rendered the petition for writ of prohibition moot, we decline to issue the writ.
PETITION DENIED AS MOOT.
SHARP, W. and PETERSON, JJ., concur.