HAZOURI, J.
The Department of Children and Families (Department) appeals from an order entered by the trial court finding the Department in contempt for its failure to comply with the trial court’s order directing the Department to step down M.M. to a therapeutic foster home. We reverse.
On January 8, 2002, a hearing was held for review of M.M.’s dependency status. M.M. had been adjudicated dependent and was living in the care and custody of the Department in a residential sex offender program. At the hearing on January 8, 2002, the court considered the recommendation contained in a psychological evaluation of M.M. that he be stepped down to a therapeutic foster home from his current placement in a residential sex offender program. At the conclusion of the hearing the trial court ordered the Department to place M.M. in a therapeutic foster home. Due to the unavailability of such foster care appropriate for M.M.’s needs, the Department was unable to comply with the trial court’s order. The trial court thereafter found the Department in indirect civil contempt of the court’s order of January 8, 2002 and ordered the Department to pay the sum of $350.00 a day for every day that M.M. was not placed in an appropriate stepped down program.
A party may be held in contempt only where the court has determined that the violation of the court order was willful and makes an express finding that there is an ability to comply. See Dep’t of Health & Rehab. Servs. v. Maxwell, 667 So.2d 980 (Fla. 4th DCA 1996).
The trial court did not make any such findings, and the testimony presented *1252 established that efforts were made to comply with the court order, but that there was not a placement for M.M. The trial court erred in holding the Department in contempt. The trial court also erred in assessing a penalty to be paid for the benefit of M.M. The trial court heard no evidence regarding any alleged damages to M.M. due to the failure of the Department to step down his placement, yet the court held the penalty was to be paid to “offset the damages he suffered.”
Accordingly, the order of contempt is reversed.
POLEN, J., concurs.
STONE, J., concurs specially with opinion.