947 So.2d 568 (2006)
DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
Maurice SOLIMAN and State of Florida, Respondents.
No. 1D06-4831.
District Court of Appeal of Florida, First District.
December 28, 2006.
Rehearing Denied February 2, 2007.
John J. Copelan, Jr., General Counsel, and John A. Raymaker, Assistant General Counsel, Department of Children and Families, Tallahassee, for Petitioner.
Nancy A. Daniels, Public Defender, and Kevin P. Steiger, Assistant Public Defender, Tallahassee, for Respondent Soliman.
Charlie Crist, Attorney General, and Cecilia Bradley, Senior Assistant Attorney General, Tallahassee, for Respondent State of Florida.
WOLF, J.
The Department of Children and Families (DCF) requests this court to grant a petition for writ of certiorari quashing an order of the circuit court adjudging the respondent (defendant) incompetent and placing him in the North Florida Hospital Forensic Unit within 10 days of the order, or transporting the respondent to the office of the Secretary of DCF releasing him to her custody. While we understand the frustration of the trial court in its inability to properly place the respondent in question, we find the trial court was not authorized to issue its order. We, therefore, grant the petition and quash the trial court's order.
On July 17, 2006, the circuit court entered an "Order Adjudging Defendant Incompetent to Proceed and Commitment to Department of Children and Families." The order was based on a psychiatrist's report finding the defendant psychotic and almost certainly incompetent to proceed. Because respondent was charged with a serious felony offense, the court committed respondent to DCF and required DCF to place him in a health treatment facility.
On August 29, 2006, respondent filed a motion asking the trial court to issue an order to show cause as to why DCF should *569 not be held in contempt of court for not placing respondent in a health treatment facility. Attached to the motion was an email dated August 17, 2006, explaining:
[Respondent] is in dire medical straights [sic] due to the fact that he refused to take his medication and eat the meals served to him. He believes they are poisoned. He is openly psychotic and has been in an isolation cell for over two months, taxing the jail to its limits. He has threatened several folks, including me. We need to get him to N. Fla. as soon as possible or I will have to file the appropriate motion in front of Judge Gary.
On August 29, 2006, the circuit court entered an order to show cause why DCF should not be held in contempt and requiring DCF to explain why it had not complied with section 916.107(1)(a), Florida Statutes (2006), which requires respondent to be placed in a health treatment facility.
On September 11, 2006, DCF entered its response to the order to show cause. DCF explained that respondent was placed in a forensic wait-list, and that, as of September 8, 2006, there were 310 individuals awaiting placement in a state mental health treatment facility. DCF asserted that, as of September 8, 2005, respondent was number 86 on the wait-list. DCF also stated that the court did not have jurisdiction to disregard placement orders from other circuit courts in order to move respondent to the top of the waiting list. It further alleged that the court lacked authority to exercise its contempt power to require compliance with an immediate placement order if DCF did not have the ability to comply.
On September 18, 2006, Richard A. Donk, the Operations and Management Consultant Manager in the Mental Health Treatment Facilities and Forensic Programs section at DCF, entered an affidavit concerning respondent's likelihood of being placed in a health treatment facility. Donk explained that the State has 1329 adult forensic beds and that DCF has no other beds for persons committed to DCF as incompetent to proceed or not guilty by reason of insanity. Donk further explained that, in order to immediately place respondent, it would have to "jump" him over 61 other male individuals on the forensic wait-list.
On September 13, 2006, the circuit court entered an order granting the respondent's motion and requiring DCF to place respondent in the North Florida Hospital Forensic Unit within 10 days of the order; and if respondent was not placed in the health treatment facility, the order directed the Franklin County Sheriff's Department to transport respondent to the office of the Secretary of DCF and release respondent to her custody.
It is uncontroverted in this case that there are not enough beds in the health treatment facilities to place, immediately, every person on the waiting list. To that end, this case is very similar to Facyson v. Jenne, 821 So.2d 1169 (Fla. 4th DCA 2002). In Facyson, the petitioner, after being declared incompetent to stand trial, was held in jail until DCF could place him in a health treatment facility; after spending more than 15 days in jail, petitioner sought release from detention and an order directing DCF to take immediate custody of him. Id. According to the facts, "[i]t [was] undisputed that Petitioner's continued detention result[ed] from insufficient forensic bed space in which to place committed defendants within the time allotted in the statute." Id. at 1170.
The Fourth District stated: "It is clear that the department is responsible for Petitioner's care and custody." Id. at 1171. However, before DCF can be held in contempt, the trial court must be able to make *570 an express finding that DCF had the ability to comply or that its refusal to comply was willful. Id.; see also Strauser v. Strauser, 303 So.2d 663, 664 (Fla. 4th DCA 1974) (explaining that a trial court must make an express finding of ability to comply before imposing sanctions).
In this case the trial judge's understandable frustration appears to have led him to issue an order that the DCF was incapable of complying with. There is no evidence to demonstrate beds were available. Beds cannot be created without funding. Adequate funding is up to the Legislature. Jumping the defendant over other defendants on the waiting list was not an option. The trial court had inadequate information to judge the conflicting needs of all the parties on the waiting list. The power to weigh these interests lies with the executive branch. Intrusion into the prerogative of the executive branch violates article II, section 3, of the Florida Constitution. Dep't of Children & Family Servs. v. I.C., 742 So.2d 401 (Fla. 4th DCA 1999). Additionally, as in Facyson, record evidence demonstrates release of the respondent appears inappropriate. Clearly the trial court does not have the power to order the release of respondent to the personal custody of the Secretary of DCF.[1]
Like the situation in Facyson, there has been no express showing that DCF has the ability to comply or that its refusal was willful. Thus, the trial court departed from the essential requirements of the law. See also State, Dep't of Health & Rehabilitative Servs. v. Maxwell, 667 So.2d 980 (Fla. 4th DCA 1996) (reversing order of contempt where evidence showed the Department could not comply with the trial court's order because no bed space was available); State, Dep't of Children & Family Servs. v. Birchfield, 718 So.2d 202 (Fla. 4th DCA 1998) (reversing trial court's order holding DCF in contempt when DCF could not place defendant in the Mentally Retarded Defendant Program, as ordered by the trial court).
In Facyson, 821 So.2d at 1171-72, the court noted that additional options were available to ensure reasonable compliance by the Department with its statutory duties. These options were not explored by the trial court in this case. As noted before, the specific requirements laid out by the trial court in this case are not supported by the law or the evidence.
ERVIN, J., concurs; ALLEN, J., concurs in the judgment.
NOTES
[1] Respondent relies on the cases of A.M.R. v. Coler, 555 So.2d 1248 (Fla. 2d DCA 1989), and D.W. v. Coler, 555 So.2d 1246 (Fla. 2d DCA 1989). We find that those cases are inapplicable. The only relief granted in those cases was requiring the Department to comply with the statute. It appears several options were available to the Department. In the instant case the trial court listed a specific requirement which it was unclear the Department could comply with. To the extent these cases can be read to authorize imposition of contempt sanctions without a demonstration of ability to comply, we cannot concur.