951 So.2d 18 (2007)
DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
Maurice BLUE and Cedric Dames, Respondents.
Nos. 4D06-3534, 4D06-3535.
District Court of Appeal of Florida, Fourth District.
February 7, 2007.
*19 John A. Raymaker, Assistant General Counsel, Tallahassee, for petitioner.
Carey Haughwout, Public Defender, and Daniel Cohen, Assistant Public Defender, for respondents.
PER CURIAM.
The petitioner, Department of Children and Families (the Department), filed petitions for writs of certiorari to quash the circuit court orders requiring the Department to advise the Palm Beach County Sheriff's Office where to transport defendants Maurice Blue and Cedric Dames or to take custody of the defendants. The orders also directed the Sheriff's Office to transport the defendants to the Florida State Hospital, if the Department failed to advise the Sheriff's Office. Both Blue and Dames were found to be incompetent to stand trial, committed to the Department, and placed on a waiting list to be transported to a forensic facility. The Department argued below that it did not have the ability to place the defendants as there was inadequate bed space in the forensic facilities and there were numerous persons ahead of the defendants on the waiting lists.
Although the transport of Blue and Dames to forensic facilities has now mooted the issues contained in the petitions, we write because the issue raised is capable of repetition yet may otherwise evade review. See Dep't of Children & Families v. Mitchell, 844 So.2d 694, 695 (Fla. 5th DCA 2003) (denying a petition for writ of prohibition as moot but addressing whether the trial court had authority to order the Department to release the committed defendant for a furlough prior to trial).
The court did not err in ordering the Department to take custody of the defendants. This issue was recently decided by our sister court in Hadi v. Cordero, 31 Fla. L. Weekly D3051, ___ So.2d ___, 2006 WL 3499149 (Fla. 3d DCA Dec. 6, 2006). See also Facyson v. Jenne, 821 So.2d 1169 (Fla. 4th DCA 2002).
We do agree with the Department that the court does not have the authority to direct the Department to place a committed individual in a specific facility. Dep't of Children & Families v. Morrison, 727 So.2d 404 (Fla. 3d DCA 1999) (quashing a commitment order and holding that placement of an individual into a specific *20 treatment facility is determined by the Department and not the trial court).
We accordingly grant the petitions and quash the portions of the orders directing transportation of the defendants to the Florida State Hospital.
GUNTHER, STONE and KLEIN, JJ., concur.