BROWNING, C.J.
The Agency for Persons with Disabilities (APD) petitions this court for a writ of certiorari, challenging the trial court’s order that it provide emergency funding for Respondent. APD argues the order departed from the essential requirements of law by ordering it to spend its funding inconsistently with legislative direction. *716 Because the trial court departed from the essential requirements of law by usurping APD’s jurisdiction to direct funding in this instance, we grant the petition and quash the trial court’s order.
Respondent was found incompetent to proceed, as defined in section 916.106(1) or (12), Florida Statutes, due to retardation or autism, and was referred to, and accepted by, APD for treatment and training. The trial court also found Respondent to be dangerous and homeless, and ordered APD to provide emergency funding for services for Respondent for 30 days, including placement in a group home.
While there is no controlling case law, the majority of analogous case law suggests that the trial court has no jurisdiction to direct funding for specific services for Respondent, and we adopt that reasoning as applicable here. See, e.g., Dep’t of Health & Rehabilitative Servs. v. Nourse, 437 So.2d 221 (Fla. 4th DCA 1983) (holding trial court did not have jurisdiction to direct a specific placement and treatment of a person committed to the Department); Dep’t of Children & Family Servs. v. I.C., 742 So.2d 401 (Fla. 4th DCA 1999) (holding trial court has no general jurisdiction to monitor and evaluate Department’s functioning); Dep’t of Children & Families v. Harter, 861 So.2d 1274 (Fla. 5th DCA 2003) (holding a court may not dictate a particular facility or treatment of an offender committed under Chapter 916, Florida Statutes); Dep’t of Children & Families v. C.B., 884 So.2d 1035 (Fla. 4th DCA 2004) (granting a petition challenging trial court’s order to Department to provide continued treatment, medication, an evaluation, and adequate security to a juvenile who was being detained).
Accordingly, the order requiring APD to provide emergency funding for services for Respondent is quashed.
PETITION GRANTED and ORDER QUASHED.
BENTON and LEWIS, JJ., concur.