PER CURIAM.
Appellant, a committed defendant, requests this court review the trial court’s denial of her Petition for Writ of Habeas Corpus, filed pursuant to section 916.107(9)(b), Florida Statutes (2008). In the petition, appellant sought enforcement of the recommendation made by her multidisciplinary treatment and recovery team at Florida State Hospital regarding her care and treatment.
Without an evidentiary hearing, the trial court denied appellant’s request. The trial court noted:
.... Petitioner has not presented case law directly on point which would demonstrate that the court has the authority to direct Defendant’s placement within a particular facility....
Based on this assumption, the trial court determined it lacked authority to grant appellant’s requested relief. This would appear to be a ruling of law that no relief was available to a petitioner who alleges that her rights guaranteed pursuant to section 916.107(9), Florida Statutes, have been violated. We determine the trial court prematurely determined it could not fashion an order requiring compliance with the statutory dictates that would not im-permissibly invade the province of an executive agency.
Generally, courts have been reluctant to order a patient’s confinement in a specific program. See Dep’t of Children & Families v. Harter, 861 So.2d 1274, 1275 (Fla. *123 5th DCA 2003) (holding that a “court, however, may not direct that a defendant be placed in a particular facility or receive a specialized treatment.”); see also Dep’t of Children & Families v. M.H., 830 So.2d 849 (Fla. 2d DCA 2002). However, these cases do not address the specific right of habeas corpus afforded appellant through section 916.107(9)(b), which provides in pertinent part:
(9) Habeas corpus.—
(b) A client or his or her legal guardian or representatives or attorney may file a petition in the circuit court in the county where the client is committed alleging that the client is being unjustly denied a right or privilege granted herein or that a procedure authorized herein is being abused. Upon the filing of such a petition, the circuit court shall have the authority to conduct a judicial inquiry and to issue any appropriate order to correct an abuse of this chapter.
(Emphasis added).
Section 916.107(9)(b) is the enforcement mechanism for section 916.107, which acts as a committed defendant’s bill of rights. State, Dep’t of Health & Rehab. Servs. v. Stoutamire, 602 So.2d 564, 567 (Fla. 2d DCA 1992). In Stoutamire, the Second District intervened in the placement of a committed defendant based in part on the application of section 916.107(9)(b), stating:
Chapter 916, Florida Statutes, is entitled the “Forensic Client Services Act.” § 916.105, Fla. Stat. (1991). Portions of this chapter might just as easily be dubbed a “mentally ill defendants’ bill of rights.” See particularly § 916.107, Fla. Stat. (1991). This chapter, whose last substantial revision occurred in 1985, applies both to patients committed as incompetent to stand trial, and those acquitted of criminal charges by reason of insanity. § 916.106(4)(b), Fla. Stat. (1991). In subsection 916.107(4), the legislature has specifically dictated that “each patient committed pursuant to this chapter shall receive treatment suited to his needs,” including “such medical, vocational, social, educational, and rehabilitative services as his condition requires to bring about an early return to his community.” The legislature has ... specified ... [a method] for judicial implementation of these goals.... [Section 916.107(9) confers the right of a patient (extending to a guardian, representative, friend, and parties similarly situated) to petition for habeas corpus.
Here, appellant expressly raised her action under the authority of section 916.107(9)(b). An order requiring compliance with the statute would not necessarily dictate a particular course of action on the part of the department. As such, this case is distinguishable from that line of cases finding a trial court may not dictate specific treatment for an individual.
While the trial court is correct that no prior Florida case has clearly established a trial court’s authority to intervene where a committed defendant files a writ of ha-beas corpus pursuant to section 916.107(9)(b), the strict application of the statute’s wording allows intervention if there is a determination that a defendant’s rights or privileges afforded in the committed defendant’s bill of rights have been denied.
Namely, section 916.107(9)(b) grants a trial court the “authority to conduct a judicial inquiry and to issue an appropriate order to correct an abuse of this chapter” if appellant is being “unjustly denied a right or privilege granted herein.” § 916.107(9)(b), Fla. Stat. (emphasis added); see also Stoutamire, 602 So.2d at 567. In her petition, appellant alleges the Department of Children and Families’ actions denied her several of the “rights and privileges” afforded in section 916.107, including the following subsections:
*124 (2)(c) Every forensic client shall be afforded the opportunity to participate in activities designed to enhance self-image and the beneficial effects of other treatments or training, as determined by the facility.
[[Image here]]
(4)(a) Each forensic client shall receive treatment or training suited to the client’s needs, which shall be administered skillfully, safely, and humanely with full respect for the client’s dignity and personal integrity. Each client shall receive such medical, vocational, social, educational, and rehabilitative services as the client’s condition requires to bring about a ... return to the community. ...
Due to the trial court’s erroneous legal conclusion that no relief was available to the petitioner, there is no record evidence to support the assertions of appellant to explain the reasoning behind the team’s recommendation or to assess the reasonableness of the Department’s actions in refusing to implement the team’s recommendation. The trial court made no factual findings as to any of these issues because of the erroneous belief that it lacked authority to grant any relief to appellant.*
Based on the foregoing, we reverse the order denying appellant’s petition and remand for further proceedings consistent with this opinion.
REVERSED.
HAWKES, C.J., WOLF and WETHERELL, JJ., concur.

 While we share the trial court's concern that an order directing transfer of appellant to a particular facility might involve an invasion into the powers of the executive branch, we cannot presuppose that if appellant proves a violation of her rights under the statute, the trial court could not fashion an order which allows the Department flexibility to comply with the statutory mandates.