PER CURIAM.
Petitioner, a child against whom numerous petitions for delinquency were filed, was declared incompetent to proceed pursuant to section 985.19(3), Florida Statutes (2013). The trial court entered an order committing Petitioner to the Department of Children and Families (DCF) and ordered that DCF place Petitioner within 24 hours. When DCF subsequently informed the court that placement depended on the availability of open beds, that DCF would be unable to place the child as directed, and that Petitioner would be released to the custody of her family until a space became available, the court rendered another order that required Petitioner to be held in secure detention until DCF is able to place her.
Petitioner has filed a Petition for Writ of Habeas Corpus, correctly contending that once she was committed, the trial court lost the authority to direct when and where the child should be placed by DCF and that it was error to order her to be held in secure detention pending placement. See § 985.24(2)(d), Fla. Stat. (2013) (providing that “[a] child alleged to have committed a delinquent act or violation of law may not be placed into secure, nonse-cure, or home detention care ... [d]ue to a lack of more appropriate facilities”); Dep’t of Children & Families v. B.N., 979 So.2d 1110 (Fla. 4th DCA 2008) (holding that the trial court’s order requiring DCF to take immediate custody of the juvenile, who was adjudicated incompetent to proceed, for secure placement violated separation of powers); Dep’t of Children & Families v. M.H., 830 So.2d 849 (Fla. 2d DCA 2001); see also Dep’t of Health & Rehabilitative Servs. v. V.L., 583 So.2d 765 (Fla. 5th DCA 1991) (holding that the requirement that the child be placed within ten days could not be upheld because HRS did not have the funding to comply). We note that Respondent, State of Florida, has filed a Response that agrees with Petitioner’s argument and that requests this court grant the Petition for Writ of Habeas Corpus and order the immediate release of Petitioner into the custody of DCF.
We grant the Petition, quash the Order of the trial court requiring that Petitioner be held in secure detention, and order that Petitioner be immediately released to the custody of DCF.
Petition Granted; order quashed; Writ Issued.
SAWAYA, PALMER, and BERGER, JJ., concur.