IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CHARLES HUGHES,

     Appellant,

 v.                                    Case No.  5D17-687

STATE OF FLORIDA and
 WAYNE IVEY, BREVARD COUNTY SHERIFF,

     Appellees.

_____/

Opinion filed June 9, 2017

Appeal from the Circuit Court
for Brevard County,
John M. Harris, Judge.

James S. Purdy, Public Defender, and
Nancy Ryan, Assistant Public Defender,
Daytona Beach, for Appellant.

Keith S. Kromash, of Nash & Kromash,
LLP, Melbourne, for Appellee, Wayne Ivey,
Brevard County Sheriff.

No Appearance for State of Florida.

Jeannette L. Estes, Agency for Persons
with Disabilities, Lakeland, Amicus Curiae,
for State of Florida, Agency for Persons
with Disabilities.

PER CURIAM.

Appellant, Charles Hughes, appeals the denial of his habeas corpus petition. Because the trial court's order results in a term of detention greater than the statutory maximum of fifteen days, we reverse and remand for consideration of Baker Act proceedings.

The State charged Hughes with attempted first-degree murder, arson of an occupied dwelling, burglary of a dwelling, burglary of a conveyance, and two counts of arson. However, on April 28, 2016, the trial court adjudicated Appellant incompetent to proceed and dismissed his charges without prejudice pursuant to section 916.303, Florida Statutes (2016). The trial court separately found that Hughes posed a danger to himself and others, thus qualifying for involuntary admission to a secure residential facility. The court ordered Hughes's involuntary admission, which he appealed, resulting in a stay of his admission to residential care. See § 393.11(12)(b), Fla. Stat. (2016). On January 5, 2017, Hughes filed an emergency petition for writ of habeas corpus challenging his continued detention in the Brevard County Jail. The trial court denied relief.

A defendant "who has been adjudicated incompetent to proceed or not guilty by reason of insanity" may be held in a jail "as an emergency facility <u>for up to 15 days</u>." § 916.107, Fla. Stat. (2017) (emphasis added). Thus, because Hughes's detention exceeded fifteen days, "[n]o statute or rule of procedure authorize[d] his continued detention," and the trial court had grounds to grant his petition. See <u>Pangburn v. Bradshaw</u>, 39 So. 3d 578, 578 (Fla. 4th DCA 2010). However, just as the Fourth District Court did in <u>Facyson v. Jenne</u>, 821 So. 2d 1169, 1171 (Fla. 4th DCA 2002), we find that, despite our "power to release individuals who are being detained without legal authority, we do not deem such to be an appropriate remedy in this case at this time." Instead, we

recognize the trial court's finding that Hughes posed a danger to himself and others and grant habeas corpus relief "subject first to consideration of Baker Act proceedings under Chapter 394 by the trial court if appropriate." Dep't of Child. & Fams. v. B.N., 979 So. 2d 1110, 1112 (Fla. 4th DCA 2008).

REVERSED and REMANDED with Instructions.

WALLIS, TORPY and EVANDER, JJ., concur.